UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN INDEMNITY CO., et al., | ) ) ) | 1:07-cv-540-LJM-JMS |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| AMERICAN HEARTLAND HEALTH ADMINISTRATORS, INC., et al., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

### I. CLASS PLAINTIFFS' MOTION TO RE-CERTIFY CLASS AS LIMITED FUND CLASS

Pending before the Court is a motion from Class Plaintiffs to re-certify this action as a class action consisting of a class of all employer ERISA plan sponsors that bought reinsurance through North American Indemnity, N.V. [hereinafter "NAI"] after January 1, 2000 whose claims have not been paid by NAI. The motion seeks certification on a "limited fund" theory pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) to proceed with a class action against NAI based on the same findings and conclusions made by this Court in *McDaniel v. North American Indemnity, et al.*, Civil Action, 1:02-cv-0422-LJM-JMS. Defendant has not responded to the instant motion. For the reasons discussed herein, the Court **GRANTS** Class Plaintiffs' Motion to Re-Certify Class as a "Limited Fund" Class.

By Order Certifying Class entered July 3, 2002 the United States District Court for the Southern District of Texas (hereinafter "Houston Court") certified a class of all employer ERISA

plan sponsors that bought reinsurance through NAI after January 1, 2000 whose claims had not been paid by NAI.  The Order Certifying Class was appealed to the Fifth Circuit.  See, *Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Personnel of Texas, Inc.*, 343 F.3d 355 (5th Cir. 2003).  The Fifth Circuit held that the arbitrator, and not the Houston Court, had to decide if the arbitration provision of the reinsurance contracts permitted class arbitration.  The Fifth Circuit thus vacated the class certification order.  On remand it was determined that NAI had waived its right to arbitrate.  See, Order entered April 23, 2007 by the United States District Court for the District of South Carolina, Charleston, Division in *Connelly Management, Inc. Employee Welfare Benefit Plan v. North American Indemnity, N.V.*, 2:03-3603-PMD. The Court will not repeat the findings and conclusions of the Houston Order Certifying Class or the Charleston Order which determined NAI waived its right to arbitrate.  For purposes of the instant order the facts found are the same as those set forth in the Order Certifying Class (with the exception of the reference to arbitration) and as those set forth in the Charleston Order which determined NAI waived its right to arbitrate.

Certification is appropriate on a "limited fund" theory.  A true "limited fund" class must satisfy three criteria: (1) The total maximum liquidated claims and the total maximum fund to satisfy those claims demonstrates inadequacy of the fund; (2) the whole of the inadequate fund will be devoted to the claims; and (3) the claimants share a common theory of recovery and will be treated equitably among themselves.  *Oritz v. Fibreboard Corp.*, 527 U.S. 815, 838-40 (1999). The findings of fact and conclusions of law made by this Court in the August 14, 2007 Order which granted limited fund class certification in *McDaniel* are also applicable to the instant action.  For these reasons Class Plaintiffs' Motion to Re-Certify Class as a "Limited Fund" Class is **GRANTED.**

## II.     CONCLUSION

For all the foregoing reasons, Class Plaintiff's Motion to Re-Certify Class as a "Limited Fund" Class is **GRANTED.**  The Court has found that Class Plaintiffs satisfy the criteria of the Federal Rule of Civil Procedure 23(b)(1)(B) to proceed with a class action against Defendant on behalf of the following class:

> All employer ERISA plan sponsors that bought reinsurance through North American Indemnity, N.V. after January 1, 2000 whose claims have not been paid by NAI.

IT IS SO ORDERED this 13 day of December, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

G. Daniel Kelley, Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Edward Price Steegmann
ICE MILLER LLP
ed.steegmann@icemiller.com

Allan G. Levine
CHRISTIAN SMITH & JEWELL
2303 Fannin
Suite 500
Houston, TX 77002